IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER HOVATTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-CV-94 |
| | ) | |
| SARA LEE CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the court for consideration of "Defendants' Motion for Summary Judgment" [doc. 8]. Plaintiff has responded in opposition to the motion [doc. 13], and defendants have submitted a reply [doc. 15]. The court has determined that oral argument is unnecessary, and the motion is ripe for the court's consideration. For the reasons stated herein, the motion will be granted, and this case will be dismissed.

I.

*Background*

Plaintiff was employed as a manager for defendant's food store located in Johnson City, Tennessee from May 2005 until her termination on April 28, 2006. The store sold retail to the public bread, cakes, pies, and other baked goods. Plaintiff's responsibilities as store manager included ordering these food items, servicing customers, and managing employees. Amy Elswick was a part-time employee who worked in the store with the

plaintiff most days and each worked alone in the store one day a week. Janelle Ellzy supervised plaintiff's store and others, and plaintiff reported to Ellzy.

The store location itself did not contain a restroom. There was an established procedure for employees to use the restroom when they were working alone. The employee was to lock the store; put a sign on the door saying the store would reopen in 15 minutes; go to the restroom located up a flight of stairs in an adjacent building; use the facilities and return. Plaintiff was told this was the process to follow.

According to plaintiff, the restroom was in an abandoned bakery building. The outside door could not be locked and the stall had no door. Because the outside door could not be secured, a man walked in on her one day while she was using the restroom.

In October 2005, plaintiff contacted defendant's hotline and reported a number of complaints. Included in them was the difficulty she had taking a break or using the restroom when she worked alone. In March 2006 Ellzy evaluated plaintiff's store and had a meeting with plaintiff. Plaintiff asked Ellzy if a restroom could be built closer to the store; however, Ellzy told her that there was no money in the budget to build a restroom. Ellzy told plaintiff that if she needed to use the restroom she should close the store and use the one in the adjacent building.

Later that same month during a telephone conversation plaintiff asked Julie Blankenship, the human resources representative, about having a restroom closer to the store. At that time, plaintiff told Blankenship that she did not think it was healthy to "hold [her]

2

urine." Blankenship told plaintiff to do what Ellzy had told her to do, lock the store and use the restroom next door.

In March or April 2006, instead of using the restroom next door, plaintiff began urinating in a bucket. She would leave the sales floor and use the office area as a restroom, locking the office door but leaving the store door unlocked and the sales floor unattended. After using the bucket, she disposed of the urine, washed her hands, and returned to the store. About a month after plaintiff began this practice, a route supervisor, Tim Kitts, came to the store and asked her about her use of the bucket. Plaintiff admitted she was urinating in a bucket in the office area. Mr. Kitts located the bucket, which at the time contained urine that he disposed of, and he threw the bucket in the garbage dumpster.

That same day plaintiff, Kitts, Ellzy, and Blankenship had a conference call. During the call, Ellzy informed plaintiff that she was suspended until further notice. Shortly afterward, plaintiff met with Ellzy, Blankenship, and plaintiff's union representative. At the meeting, Ellzy told plaintiff that she was going to be terminated for using the bucket.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

<u>Plaintiff's Affidavit</u>

Defendant contends that a portion of plaintiff's affidavit submitted in response to the motion for summary judgment contradicts her earlier deposition testimony and on that basis should be excluded. At her deposition, plaintiff testified as follows regarding the number of times she complained about the bathroom situation in the store:

> Q. So there were two times that you raised this issue with Sara Lee, one with each of those ladies separately, is that right?
> A. Yes. Uh-huh (Affirmative).
> Q. Okay. So there were two complaints?
> A. Yes.
> \*\*\*
> Q. Okay. So both of the times that you complained to Sara Lee about the bathroom situation were in or around March of 2006?
> A. Yes.

In paragraph 11 of her affidavit, plaintiff states:

> In October 2005, I complained to supervisor Ellzy that I had great difficulty in taking my breaks and getting to the abandoned bakery's second story restroom. I told supervisor Ellzy that the company needed to install a restroom on the store's premises. I explained to Ms. Ellzy that the number of customers we had to serve sometimes made it impossible for me to use the bakery's second story restroom during the work day.

5

Defendant argues that plaintiff's testimony in the affidavit is contradictory to the testimony given in her deposition regarding the number of complaints and, relying on *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 509 (6th Cir. 2003), contends that the testimony should be stricken. *Graham* involves the basic proposition that "a party cannot create a factual issue by filing an affidavit which contradicts earlier deposition testimony after a motion for summary judgment has been made." *Id*. This general rule stems from *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

In a recent opinion, *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899 (6th Cir. 2006) the Sixth Circuit examined the *Reid* rule in situations such as the one at issue here. The Court stated:

> As we interpret *Reid* and the other relevant authorities, then, a district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony. A directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction. If, on the other hand, there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit constitutes an attempt to create a sham fact issue.

*Id.* at 908-09 (quotation marks and citations omitted).

After reviewing the deposition testimony and the affidavit, the court finds that the affidavit does contradict the earlier testimony. During her deposition, plaintiff was very

6

Case 2:07-cv-00094    Document 23    Filed 11/05/08    Page 6 of 16    PageID #: 147

specifically asked about the number of times she complained about the bathroom situation and to whom she complained. She unequivocally testified that she made two complaints in or around March 2006. Without any reference to a need to clarify the record or other explanation, plaintiff affirmatively testifies in an affidavit that she made a complaint about the bathroom situation in October 2005 to supervisor Ellzy, which directly contradicts her deposition testimony. This is not a situation where the plaintiff was not directly questioned about the issue and the affidavit is filling "a gap left open by the moving party and thus provides the district court with more information, rather than less, at the crucial summary judgment stage." *Id*. at 907. Plaintiff was very specifically questioned about this issue and gave very clear answers at the time of her deposition. The affidavit testimony directly contradicts that testimony, and pursuant to Sixth Circuit precedent it shall be stricken.

Accordingly, the testimony in paragraph 11 of plaintiff's affidavit concerning her alleged complaint to supervisor Ellzy in October 2005 will not be considered by the court. However, as discussed below, with or without this affidavit testimony, defendant is entitled to summary judgment.

<u>Statutory"Whistleblower Act" Claim</u>

Whistleblower employees in Tennessee are protected by the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304. Under the TPPA, "the plaintiff must show that he was terminated solely because of his whistleblowing activity." *Sacks v.*

7

*Jones Printing Co., Inc.*, No. 1:05-CV-131, 2006 WL 686874, at *3 (E.D. Tenn. March 16, 2006) (citing *Darnall v. A+ Home Care, Inc.*, No. 01-A-01-9807-CV-0034, 1999 WL 346225, at *5 (Tenn. Ct. App. June 2, 1999)).

In order to establish a prima facie case under the TPPA, plaintiff must demonstrate four elements:

> (1) The plaintiff's status as an employee of the defendant;
> (2) The plaintiff's refusal to participate in, or to remain silent about, illegal activities;
> (3) The employer's discharge of the employee; and
> (4) An exclusive causal relationship between the plaintiff's refusal to participate in or remain silent about illegal activities and the employer's termination of the employee.

*Sacks*, 2006 WL 686874, at *4 (citing *Hill v. Perrigo of Tenn.*, No. M2000-02452-COA-R3-CV, 2001 WL 694479, at *3 (Tenn. Ct. App. June 21, 2001)). "Once a plaintiff has made out a prima facie case, the burden shifts to the employer to advance a non-discriminatory reason for the termination. The burden then shifts back to the plaintiff to show that his termination was solely for the reasons which he initially alleged." *Sacks*, 2006 WL 686874, at *4 (internal quotation marks and citations omitted). "Courts have recognized 'that the plaintiff has indeed a formidable burden in establishing elements number two and four of the cause of action.'" *Hill*, 2001 WL 694479, at *5 (and cases cited therein).

Defendant argues that plaintiff cannot demonstrate a prima facie case because she cannot meet elements two and four. The court agrees. Before engaging in any analytical

discussion, the court needs to set out what it considers the pivotal evidence in this case, certain deposition testimony from the plaintiff. When asked about why she was fired, the plaintiff testified as follows:

> Q. So Sara Lee's position is that you were terminated for the bucket?
> A. Yes.
> Q. Why do you really think you were terminated?
> A. I – for the bucket.
> Q. Okay.
> A. That's all I guess, the bucket, because I needed a place to go to the bathroom.
> ***
> Q. And anyone at Sara Lee that's discussed with you your termination or the reason for it has told you that you were terminated for using the bucket to urinate in the store, is that correct?
> A. Yes.
> ***
> A. I get fired for using a bucket. I didn't – that's why I thought I got fired.
> Q. For using the bucket?
> A. Yeah.
> Q. Okay. but my question was, no one else – no one told . . .
> A. No.
> Q. . . . you that you were being fired for some reason other than that?
> A. No.

With this evidence as a back drop, the court will discuss the elements of the prima facie case. As to second element of the prima facie case, plaintiff does not fit the class of employees the statute was designed to protect. Plaintiff was not faced with the moral dilemma of being forced to choose between keeping her job or reporting illegal activities.

9

*Moore v. Averitt Express, Inc.*, No. M2001-02502-COA-R3-CV, 2002 WL 31302947, at *4 (Tenn. Ct. App. Oct. 11, 2002) ("Inherent in the underlying philosophy of the retaliatory discharge cause of action is that at-will employees should not be placed in the moral, ethical and legal dilemma of being forced to choose between reporting illegal activities and keeping their jobs."). Additionally, "the threat of dismissal must be contemporaneous with the decision to report the illegal activities." *Id*. (citations omitted).

> In order to maintain an action for retaliatory discharge, the plaintiff must be in the class of people the common law tort and the statute were designed to protect. He must have been an at-will employee faced with the choice of reporting an illegality, thereby running the risk of being discharged as retaliatory result, or remaining silent, thereby keeping his job at the expense of the public interest.

*Id.* This was not the circumstance in this case. Plaintiff was not faced with contemporaneous discharge when she complained about the bathroom situation in March 2006. She was told as she had been told before that she needed to lock the store and use the bathroom in the building next door.

In addition, "it is essential that the employee's attempt to expose illegal or unsafe practices do more than merely advance the employee's private interest." *Bright v. MMS Knoxville, Inc.*, No. M2005-02668-COA-R3-CV, 2007 WL 2262018, at *4 (Tenn. Ct. App. Aug. 7, 2007) (citing *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 538 n.4 (Tenn. 2002)). Plaintiff's conduct completely involved a private and self-serving interest. Her

alleged reporting efforts had nothing to do with seeking to protect the public good. Moreover, even though plaintiff did not have to report the alleged illegal or unsafe practice to regulatory officials or law enforcement, she was required to "make a report to some entity other than the person or persons who are engaging in the allegedly illegal activities." *Bright*, 2007 WL 2262018, at *4. Plaintiff only complained to her supervisors, the people responsible for the decision not to build a restroom on premises. For all of these reasons, plaintiff cannot meet element two of her prima facie case.

Plaintiff also cannot meet the fourth element of the prima facie case, the exclusive causal relationship between plaintiff's termination and her refusal to participate in or remain silent about illegal activities. *See Hill,* 2001 WL 694479. The stated reason given for plaintiff's termination was her urinating in an open bucket in a retail food store. Plaintiff admitted in her deposition that she engaged in this conduct and that this was the reason for her termination. Thus, plaintiff cannot show that the sole reason for her being fired was any alleged whistleblowing activity. *Cf. id.* (Plaintiff admitted in his deposition that problems with inaccurate test results probably played a role in the decision to fire him so he was unable to show that the sole reason for his termination was the refusal to remain silent about illegal activities.).

In addition, plaintiff argues that she was somehow subject to a conspiracy to entrap her into using the bucket. Plaintiff contends that Elswick informed defendant's management about plaintiff's use of the bucket in a late-night email sent April 26, 2006, and

11

as result, defendant's representatives conspired to set her up to be discharged. This argument merits little discussion. Entrapment is not a defense to a civil action, *Gucci Shops, Inc.* v. *Dreyfoos & Assocs., Inc.*, No. 83-709-CIV-ALH, 1983 WL 425, at *3 (S.D. Fla. Nov. 7, 1983), and it is not a civil cause of action. *Kondrat v. O'Neill*, No. 86-3263, 1987 WL 36390, at *1 (6th Cir. Feb. 17, 1987); *see also Giovanetti v. Tomasi*, No. 93-3555, 1994 WL 198188, at *2 (6th Cir. May 19, 1994) ("no courts that we are aware of have authorized [the entrapment defense] in a civil action"). Whether or not plaintiff was somehow entrapped is irrelevant to the extent plaintiff relies on that specific concept or term.

Additionally, defendant argues that plaintiff's allegations of conspiracy are nothing but speculation and are not backed up with specific facts. To the extent the conspiracy allegations advance plaintiff's entrapment theory, they are irrelevant. Plaintiff's contentions are speculative and not supported by the evidence. One fact remains clear. Plaintiff used a bucket for a toilet in a retail food store, conduct which is unsanitary and improper and which resulted in her termination. As evidenced from the above-cited testimony, she admitted in her deposition that she engaged in the conduct and that Sara Lee gave this reason as the justification for her termination.

Thus, having failed to show elements two and four, plaintiff has failed to state a prima facie case under the whistleblower statute. However, even if plaintiff had successfully demonstrated a prima facie case, defendant has articulated a nondiscriminatory reason for the termination. At this point, the burden then shifts back to the plaintiff "to show

12

Case 2:07-cv-00094  Document 23  Filed 11/05/08  Page 12 of 16  PageID #: 153

that [her] termination was solely for the reason which [s]he initially alleged." *Sacks v. Jones Printing Co., Inc.*, No. 1:05-CV-131, 2006 WL 686874, at *4 (E.D. Tenn. March 16, 2006) (quotation marks and citation omitted). Again, plaintiff clearly cannot demonstrate that she was terminated *solely* for alleged whistleblowing activity when she admitted in her deposition that she engaged in the conduct for which defendant terminated her. Therefore, for all the reasons discussed above, plaintiff's statutory whistleblower act claims fails, and it must be dismissed.

Common Law Retaliatory Discharge Claim

Plaintiff has also brought a claim under the common law. In Tennessee, employee whistleblowers are additionally protected by a common law cause of action for retaliatory discharge. In order to establish a prima facie case of common law retaliatory discharge, a plaintiff must demonstrate:

> (1) that an employment-at-will relationship existed; (2) that she was discharged; (3) that the reason for her discharge was that she attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge her was her exercise of protected rights or compliance with clear public policy.

*McLeay v. Huddleston*, No. M2005-02118-COA-R3-CV, 2006 WL 2855164, at *6 (Tenn.

Ct. App. Oct. 6, 2006) (citing *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002)). The essential difference between the statutory cause of action for retaliatory discharge and the common law cause of action is that with the common law cause of action a plaintiff only has to show that her activity was a substantial factor in effectuating her discharge rather than showing it was the sole reason for her discharge. *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 537 (Tenn. 2002).

If plaintiff makes the necessary prima facie showing, the burden shifts to the employer to articulate a legitimate, non-pretextual reason for the discharge. *Yates v. Hertz Corp.*, 285 F. Supp. 2d 1104, 1117 (M.D. Tenn. 2003) (citations omitted). If the employer offers a legitimate reason for terminating the plaintiff, the burden then shifts back to the plaintiff to show that the reason given is pretextual or not worthy of belief. *Id.* at 1118 (citations omitted). "Essentially, causation does not exist if the employer's stated basis for the discharge is valid and non-pretextual." *Id.* (citations omitted).

As with the statutory cause of action, defendant contends that plaintiff cannot demonstrate a prima facie case of common law retaliatory discharge because she is unable to meet the required elements of her prima facie case. Again, the court agrees.

Element three requires that plaintiff show that the reason for her discharge was that she attempted to exercise a constitutional or statutory right or for any other reason which violates clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision. The evidence in the record is that plaintiff was terminated because she

14

used a bucket for a toilet in a retail food store. *Cf. McLeay,* 2006 WL 2855164, at *7 (plaintiff unable to show reason for discharge was attempt to exercise statutory or constitutional right or for reason violating public policy as evidence in the record showed plaintiff was terminated because she improperly initiated a surgery consent form). Therefore, plaintiff also cannot establish the final element in her prima facie case, that a substantial factor in her discharge was her exercise of protected rights or compliance with clear public policy. Plaintiff was not engaged in the exercise of any protected rights when using a bucket for a toilet in a retail food store, nor was she complying with a clear public policy.

Plaintiff cites and relies on several cases that do not apply or support the circumstances of this case. For example, in the case of *Yates v. Hertz Corp.*, 285 F. Supp. 2d 1104 (M.D. Tenn. 2003), the plaintiff had left his post to take his rest break to use the rest room and was terminated from his position for doing so. The district court determined that Yates was permitted to base his claim for retaliatory discharge in violation of public policy on his exercise of his statutory right to an unpaid rest break. Finding issues of fact, the district court denied the defendant's motion for summary judgment on the retaliatory discharge claim.

*Yates* is not analogous to this case. Plaintiff herein was not exercising her right to a rest break when she used the bucket for a toilet. She had been told several times that she could have a bathroom break by locking the store and going to the building next door to use the bathroom. Plaintiff was not fired for doing that. Plaintiff was fired for urinating in a

15

bucket in a food store, not for exercising any statutory right to a rest break.

However, even if it is assumed for argument purposes that plaintiff presented a prima facie case, defendant has articulated a legitimate, non-pretextual reason for plaintiff's discharge. The burden then shifts back to the plaintiff to prove that the defendant's explanation is pretextual or unworthy of belief. In this case, however, plaintiff does not contest that she engaged in the conduct for which she was terminated nor does she dispute that defendant consistently told her that the reason she was discharged was because she urinated in the bucket in the store. The truthfulness or validity of defendant's justification for plaintiff's termination is not at issue. There is simply no possible causation for retaliatory discharge based on these facts. Accordingly, plaintiff's common law claim for retaliatory discharge fails as well and must be dismissed.

For all the reasons stated herein, defendant's motion for summary judgment will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

16

Case 2:07-cv-00094   Document 23   Filed 11/05/08   Page 16 of 16   PageID #: 157